IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL SCOTT TONEY,               §
TDCJ-CID NO. 673411,               §
                                   §
          Petitioner,              §
                                   §
v.                                 §
                                   §     CIVIL ACTION NO. H-09-0083
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
          Respondent.              §

## MEMORANDUM OPINION AND ORDER

Pending before the court are Michael Scott Toney's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent's Motion to Dismiss as untimely with Brief in Support (Docket Entry No. 16). Also pending are Toney's Motions to Request Appointment of Habeas Corpus Counsel (Docket Entry Nos. 7 & 9), Toney's application to proceed in forma pauperis (Docket Entry No. 8), Toney's Motions to Expand the Record (Docket Entry Nos. 12 & 18), Toney's Motion for an Evidentiary Hearing (Docket Entry No. 19), and Toney's Motion to File Leave to Amend Petitioner's Original Reply Brief to Respondent's Motion to Dismiss (Docket Entry No. 20). For the reasons explained below, respondent's motion to dismiss will be granted, and Toney's petition for a writ of habeas corpus will be denied. The court

will also deny Toney's motions for appointment of counsel, for an evidentiary hearing, and to expand the record. The court will grant Toney's application to proceed in forma pauperis and his motion for leave to amend his original reply brief.

## I.  Factual and Procedural Background

Toney was indicted for burglary of a habitation with intent to commit aggravated assault on February 9, 1994.  I C.R. 5.[1]  The facts of the crime adduced at trial were adequately summarized for present purposes by the Court of Appeals for the First District of Texas.

> The complainant, an airline flight attendant, checked into a Houston hotel between 9:30 p.m and 10:00 p.m. on March 26, 1993.  She then went to the elevators to put her luggage in her room.  For 45-60 seconds, she observed a young man standing by the elevators.  He was carrying a blue canvas bag whose contents made "clanging" sounds.

> As the elevator doors opened, the young man got onto the elevator with complainant.  When she asked him which floor he wanted, he mumbled that he wanted the same floor as hers.  When the elevator stopped, the young man left the elevator behind the complainant.

> The complainant had just opened the door to her room when the young man ran up, shoved the door open with his forearm, put a pistol to her cheek, and said, "Don't scream."  Nonetheless, the complainant tripped over her suitcase and fell to the floor.  He then put his gun to her forehead.  After a moment, he ran away, leaving his canvas bag by the door.  The bag contained one pair of plastic "flexcuffs," a length of nylon cord, a roll of waterproof medical tape, a ball peen

---

[1]I C.R. refers to the State Clerk's Record, volume one submitted by respondent (Docket Entry No. 13).  Only one volume was submitted.

hammer, a "carpet knife" or "utility knife," and a container of Dow bathroom cleaner. No latent fingerprints were lifted from the items.

Julie Hardin, the investigating officer, arranged for a sketch artist to meet with the complainant and prepare a composite sketch of her assailant. Detective Hardin had been trained in F.B.I. "profiling" techniques, which involve the statistical study of types of offenders. Drawing on these techniques, she decided to show the composite sketch to people working in the vicinity of the hotel where the complainant had been attacked.

The general manager of the hotel told Hardin that the composite sketch resembled a security guard who had previously worked at the hotel. The guard left after an incident involving loud music on the hotel bar's juke box. The security company's employees stated that the composite sketch resembled Michael Toney, who had worked at the hotel until he was transferred because of the juke box incident. The complainant identified Toney as her assailant. At trial, Toney's alibi defense consisted of his own testimony and that of two witnesses who corroborated his testimony that he was visiting them the night of the offense and did not leave until after 10:00 p.m.

Toney v. Texas, No. 01-94-00239-CR, 1996 WL 183411, at *1 (Tex. App. -- Houston [1st Dist.] April 18, 1996, pet. dism'd) (not designated for publication). Toney pleaded not guilty and the case proceeded to trial on February 21, 1994, in the 208th District Court of Harris County, Texas. I R.R. 2.[2] A jury found Toney guilty, and on February 28, 1994, he was sentenced to forty years' imprisonment. I C.R. 90, 97. On direct appeal the Court of Appeals for the First District of Texas affirmed Toney's conviction on April 18, 1996. Toney, 1996 WL 183411, *12. On February 11,

---

[2] I R.R. refers to the State Reporter's Record, volume one submitted by respondent (Docket Entry No. 13). Four volumes were submitted.

1997, Toney filed a Request for Discretionary Review, which was denied as untimely on March 10, 1997 (Order Denying Petition for Discretionary Review, submitted by respondent, Docket Entry No. 13).[3] Toney filed his first state habeas petition on March 14, 1998. Ex parte Toney, WR-38,632-01 at 3 (Tex. Crim. App. Sept. 16, 1998). The Texas Court of Criminal Appeals denied the habeas petition without a hearing or a written order on September 16, 1998. Id. at 1. Ten years later on September 18, 2008, Toney filed his second state habeas petition challenging his conviction for burglary of a habitation. Ex parte Toney, WR-38-632-03 at 2. The Texas Court of Criminal Appeals dismissed the application on March 19, 2008, as a subsequent application pursuant to Texas Code of Criminal Procedure 11.07 section 4(a). Ex parte Toney, WR 38-632-03 (Tex. Crim. App. Nov. 19, 2008). Pursuant to 28 U.S.C. § 2254, Toney filed this Petition for a Writ of Habeas Corpus by a Person in State Custody on January 13, 2009 (Docket Entry No. 1).

## II.  Standard of Review

Respondent contends that Toney's petition for a writ of habeas corpus should be dismissed as time barred by the statute of limitations embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244 and 2254.

---

[3]Toney also submitted a Motion for Rehearing En Banc on the dismissal of his Request for Discretionary Review, which was denied on March 31, 1997 (Order Denying Motion for Rehearing, submitted by respondent, Docket Entry No. 13).

**A.   Conversion of Motion to Dismiss to Motion for Summary Judgment**

Although the respondent has not identified the procedural basis on which he seeks dismissal, his assertion that Toney's petition for a writ of habeas corpus is barred by the statute of limitations embodied in the AEDPA suggests that he seeks dismissal for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).  A motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  When ruling on a motion to dismiss for failure to state a claim the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor.  See also Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 120 S.Ct. 2659 (2000).  Also, the court may not look beyond the pleadings in ruling on the motion.  See id. If, however, on a motion to dismiss for failure to state a claim upon which relief can be granted,

> matters outside the pleadings are presented to and not
> excluded by the court, the motion must be treated as
> one for summary judgment under Rule 56. All parties
> must be given a reasonable opportunity to present all
> the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).  See Morin v. Caire, 77 F.3d 116, 118 (5th Cir. 1996).

A party is on notice of the possibility that a court may convert a motion to dismiss into a motion for summary judgment ten days after a party submits evidence outside of the pleadings if the evidence is not excluded by the court.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  In Washington the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

901 F.2d at 1284 (quoting Clark v. Tarrant County, Texas, 798 F.2d 736, 746 (5th Cir. 1986)).  See also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986) (district courts possess the power to enter summary judgment sua sponte as long as the losing party was on notice that he had to come forward with all of his evidence).

Respondent filed his motion to dismiss on May 8, 2009 (Docket Entry No. 16).  Respondent's motion relies on citations to the record of state court proceedings, which the respondent submitted to this court on March 16, 2009 (Docket Entry No. 13).  On June 2, 2009, Toney filed his Reply Brief to Respondent's Motion to Dismiss (Docket Entry No. 17), in which he too cites materials outside the

pleadings.   Because both parties have submitted and relied upon
materials outside of the pleadings, the respondent's motion will be
treated as a motion for summary judgment and reviewed under Fed. R.
Civ. P. 56.   See Washington, 901 F.2d at 1283-1284.   See also
Browder v. Director, Dept. of Corrections of Ill., 98 S. Ct. 556,
563 n.14 (1978) (explaining that the filing of a motion to dismiss
for failure to state a claim is an inappropriate practice in a
habeas action).

**B.   Summary Judgment in Habeas Proceedings**

     When considering a summary judgment motion the court usually
resolves any doubts and draws any inferences in favor of the
nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505,
2513 (1986).   However, the amendments to 28 U.S.C. § 2254 contained
in the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") change the way in which courts consider summary judgment
in habeas cases.

     In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that
findings of fact made by a state court are "presumed to be
correct."   This statute overrides the ordinary summary judgment
rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002)
(overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562,
2565 (2004)).   Similarly, a presumption of correctness applies to
"those unarticulated findings which are necessary to the state
court's conclusions of mixed law and fact." Williams v.

-7-

_Quarterman_, 551 F.3d 352, 358 (5th Cir. 2008) (quoting _Valdez v. Cockrell_, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).   Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence.   _Smith_, 311 F.3d at 668.

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." _Lindh v. Murphy_, 117 S. Ct. 2059, 2066 n.7 (1997).   A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).   A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. _Williams v. Taylor_, 120 S. Ct. 1495, 1519-20 (2000).   A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule . . . but

unreasonably applies it to the facts of the particular state prisoner's case." Id. at 1523.

### III.  **Petitioner's Claims**

The court understands Toney's petition to assert the following grounds for relief:

1.  The District Attorney's office and the Houston Police Department intentionally withheld witness names and Houston Police Department Crime Lab files and evidence;

2.  actual innocence;

3.  newly discovered crime lab evidence;

4.  factually insufficient evidence was presented for a conviction;

5.  unconstitutional denial of access to courts; and

6.  tolling is appropriate because extraordinary circumstances prevented access to lab evidence.

(Docket Entry No. 1 at 7)  Respondent argues that Toney's substantive claims should be dismissed because they are "over eleven years time-barred" (Docket Entry No. 16 at 1).  Respondent contends that Toney's claims are not entitled to statutory or equitable tolling (Docket Entry No. 16 at 5-9).

### IV.  **Analysis**

The AEDPA contains a one-year statute of limitations for habeas petitions:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a

person in custody pursuant to the judgment of a
state court.  The limitation period shall run from
the latest of—

> (A) the date on which the judgment became final
> by the conclusion of direct review or the
> expiration of the time for seeking such review;

> (B) the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> Unites States is removed, if the applicant was
> prevented from filing by such State action;

> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by
> the Supreme Court and made retroactively
> applicable to cases on collateral review; or

> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1) (2006).  Respondent argues that Toney's
petition for a writ of habeas corpus should be dismissed pursuant
to subsection (d)(1)(A) because more than one year has passed since
Toney's judgment became final on May 20, 1996.[4]  Toney does not
dispute the date that his judgment became final.  Instead, Toney
argues that either § 2244(d)(1)(B) or § 2244(d)(1)(D) should govern

---

[4]Respondent calculates May 20, 1996, as the date of final
judgment because Toney did not file his petition for
discretionary review within the statutory thirty-day time limit,
and therefore the judgment was final after the thirty days had
passed. TEX. R. APP. P. 68.2(a).

-10-

or that equitable tolling should apply.  For the reasons stated below, Toney's arguments are without support; and, therefore, his petition is time-barred under § 2244(d)(1)(A).

**A.    Statutory Tolling**

    1.    28 U.S.C. § 2244(d)(1)(B): Impediment Created by State Action

Toney contends that the District Attorney's office and the Houston Police Department impeded the filing of his federal habeas petition by "deny[ing] him access to any information he would request" (Docket Entry No. 17 at 11).  Toney also contends that the state district court impeded the filing of his federal habeas petition by refusing to rule on his motions (Docket Entry No. 17 at 5).  Toney's contentions may be liberally construed to constitute an argument that petitioner is entitled to statutory tolling under § 2244(d)(1)(B).

Under section 2244(d)(1)(B) the limitations period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  The Fifth Circuit has articulated three criteria that a prisoner must meet to invoke § 2244(d)(1)(B):  "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

> **(a)  Houston Police Department and District Attorney's Office**

Toney provides no proof that he sought information from the Houston Police Department or the District Attorney's office or that either of these agencies denied him access to information after his conviction was affirmed within the statutory time limit to file a habeas petition.  Since Toney has not shown that he requested and was denied information during the applicable time period for filing a habeas petition, he cannot now assert that the Houston Police Department or District Attorney's office impeded his ability to file a habeas petition.

> **(b)  State District Court**

Toney contends that the state district court impeded his application because it "refused to rule on any motions submitted by Petitioner . . . [and] refused to respond to any legal correspondence" concerning his request pursuant to Tex. Code Crim. Proc. Ann. art. 64.01 for "counsel to have the files of the Crime Lab released, and the retesting of the physical evidence" (Docket Entry No. 17 at 5).  Toney provides no proof that he filed a motion or sent legal correspondence to the state district court within the statutory time limit to file a habeas petition.  Moreover, a Texas court's decision on whether to grant or deny a request under state law is not a satisfactory showing of a constitutional impediment to filing a habeas petition.  See Estelle v. McGuire, 112 S. Ct. 475,

480 (1991).   In <u>Estelle</u> the Supreme Court explained, "[w]e have stated many times that federal habeas corpus relief does not lie for errors of state law." <u>Id.</u> at 480 (quoting <u>Lewis v. Jeffers</u>, 110 S. Ct. 3092, 3102 (1990)).

Furthermore, article 64.01 was not effective until April 5, 2001, more than four years after Toney's appeal was affirmed. TEX. CODE CRIM. P. art 64.01 (2001).  When article 64.01 was enacted the one-year time limit had already run.  Therefore, even if the state court's failure to provide information could somehow have created an impediment, it would not have arisen until after the expiration of time for Toney to file a habeas petition.

(c)   Conclusion

Toney has not shown that any state action in violation of the Constitution or laws of the United States created an impediment to filing his habeas petition within the statutory time limit.

2.   <u>28 U.S.C. § 2244(d)(1)(D): Factual Predicate of Claims Identified</u>

Under section 2244(d)(1)(D) the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Toney argues that the statute of limitations should run from March 18, 2008, when he personally received the Houston Crime Lab file from Kathy Loving because this was when he discovered, through due diligence, the

-13-

factual predicate for his claims (Docket Entry No. 17 at 10). Toney contends that the Houston Police Department property and evidence record, which shows that Officer Christy Kim collected a blood and saliva sample from him (Docket Entry No. 1 at app. no. 14), and the chain of custody record, which shows the complainant's blood was serologically tested (Docket Entry No. 1 at app. no. 12), create a new factual predicate.

Toney cites Starns v. Andrews, 524 F.3d 612 (5th Cir. 2008), to support his argument that the statute of limitations began when he received the crime lab file. In Starns a witness was deposed in a civil wrongful death suit following petitioner's criminal conviction. Id. at 614. The witness provided exculpatory evidence that was unknown to the defense at the time of petitioner's prosecution.[5] Id. at 614-15. The Fifth Circuit reversed the district court's denial of habeas relief based on this newly found exculpatory evidence. Id. at 621. Toney's situation is distinguishable from Starns. Unlike the petitioner in Starns, who was not aware of the existence of a material witness until that witness was deposed in the civil trial, Toney was fully aware at the time

---

[5]In Starns the witness had spoken with the deceased victim many times before and on the day of her death. In early conversations the deceased had informed the witness that she had tried to commit suicide before but that it was physically painful, and that when she attempted again, she would find a way to have some else do it for her. The witness testified that on the day of her death, the deceased had told him that "today would be her last day on Earth" and had given him what sounded like suicide notes on audio tapes. Starns, 524 F.3d at 615.

of his trial that a blood sample was taken from him.  IV R.R. 7-8,
167.  During Toney's motion for a new trial the state acknowledged
that it had taken a D.N.A. sample from Toney, but stated that there
was no evidence obtained from the crime scene from which to make a
comparison.  IV R.R. 198-99.  At the same hearing, Toney testified
that he had been told that the victim had scratched her attacker
and that blood and skin samples had been taken from underneath her
fingernails.  IV R.R. 167.

Toney confirms that his argument is based on his "accounts of
the initial arrest and the story that he was told of how the victim
fought off her attacker, severely scratched the attacker, at which
blood and skin was left under her fingernails . . ." (Docket Entry
No. 17 at 11).  But Toney has no proof that this actually occurred.
Instead, at trial the victim's narration under oath of the events
of the crime does not include any indication that she scratched her
attacker or that any serology evidence of the attacker was left.
II R.R. 11-50.  Without serology evidence from the crime scene,
Toney's D.N.A. sample is not material, and his claim of new
evidence is not substantiated.

Toney confuses knowledge of evidence to support a claim and
knowledge of the factual predicate for a claim.  Merely alleging
new evidence to support facts that were known at an earlier date
does not suffice to establish a new factual predicate.  Statutory
tolling does not apply to promote an endless gathering of evidence
by habeas petitioners.  Flanagan v. Johnson, 154 F.3d 196, 198-99

(5th Cir. 1998).  Because Toney fails to provide any proof of a new _factual_ predicate, subsection (d)(1)(D) does not provide the date on which the statute of limitations begins.

**B.    Equitable Tolling**

Toney bases his argument that he is entitled to equitable tolling on the Supreme Court's decision in Brady v. Maryland, 83 S. Ct. 1194, 1196-97 (1963), and on his claim of actual innocence (Docket Entry No. 17 at 12-13).  Toney alleges that the District Attorney's office and the Houston Police Department misled him and denied him the protection of his rights because they "intentionally withheld witness names and H.P.D. Crime Lab files and evidence" (Docket Entry No. 1 at 7).  Toney argues that the statute of limitations should be equitably tolled because he had no evidentiary support to file a habeas petition until he received the crime lab files (Docket Entry No. 17 at 12).  Citing Bowles v. Russell, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling does not apply because the Supreme Court has suggested that the statutory limits created by Congress in the AEDPA cannot be equitably tolled (Docket Entry No. 16 at 7).

1.    Availability of Equitable Tolling in the Fifth Circuit

The Fifth Circuit has held that the AEDPA's limitations are not jurisdictional and, therefore, equitable tolling is permissible.  See United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008).  Moreover, the Fifth Circuit has explicitly rejected

-16-

the respondent's argument that the Supreme Court's opinion in
Bowles v. Russell applies to the statute of limitations created by
the AEDPA.  Id. at 364 n.5.

    2.  Availability of Equitable Tolling in this Case

    Equitable tolling is available "only when strict application
of the statute of limitations would be inequitable."  Fierro v.
Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) (quoting Davis v.
Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998)).  To establish a
right to equitable tolling Toney must show "(1) that he has been
pursing his rights diligently, and (2) that some extraordinary
circumstance stood in his way."  Lawrence v. Florida, 127 S. Ct.
1001, 1085 (2007).

        (a)  Diligent Pursuit of Rights

    Toney has not shown that he diligently pursued his rights
within the proper time for filing his habeas petition.  For almost
a year following the date his judgment became final, on May 20,
1996, there is no record that Toney pursued any relief related to
his conviction.[6]  Toney states in his Reply to Respondent's Brief
to Dismiss that "counsels made several attempts to discover the
Crime Lab files, but the Prosecution and the Houston Police
Department denied the existence of said files at each attempt in

---

    [6]Not until February 11, 2007, did Toney even file an
untimely Petition for Discretionary Review.  See Docket Entry No.
16.

1994-1996" (Docket Entry No. 17 at 7). Toney does not provide
proof that he or his counsel sought information from the Houston
Police Department or the District Attorney's office again until the
2008 correspondence with Kathy Loving, who was given the requested
lab reports by the City of Houston. Even under the most liberal
analysis, this request in 2008, nearly twelve years after he says
his counsel requested the information, does not suffice to show
diligent pursuit of information.

         (b)  Extraordinary Circumstances

     Even assuming _arguendo_ that Toney has been actively pursuing
his rights, he must still show that some extraordinary circumstance
prevented his timely application for habeas. In describing the
extraordinary circumstances standard, the Fifth Circuit has said
that "equitable tolling applies principally where the plaintiff is
actively misled by the defendant about the cause of action or is
prevented in some extraordinary way from asserting his rights."
Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999) (quoting
Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)).

     The court will liberally construe Toney's allegation that he
is actually innocent and that the Houston Police Department, the
District Attorney's office, and the state distric
t court denied him access to information, as allegations that a
state action actively misled or prevented him from asserting his
rights in some extraordinary way.

For the reasons explained above in section IV(A)(1), the court concludes that Toney has failed to show that the Houston Police Department, the District Attorney's office, or the state district court actively misled him or prevented him from asserting his rights in any way, much less in some extraordinary way.

Neither does Toney's actual innocence claim supply a basis for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171, (5th Cir. 2000) (noting that actual innocence is not a rare and exceptional claim because many prisoners maintain that they are innocent without actual proof).[7]   Therefore, Toney has not satisfied the burden of showing that extraordinary circumstances stood in his way of making a timely filing for habeas. Accordingly, the court concludes that equitable tolling is not applicable.

**C.  Conclusion**

Because Toney has failed to provide proof that any of the other subsections of § 2244(d)(1) apply, the statute of limitations shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).   Respondent asserts that the correct calculation of this date is May 20, 1996 (Docket Entry No. 16 at 6), and Toney does not dispute this

---

[7]Like the petitioner in Felder, Toney has no actual proof of his innocence.

calculation.   One year later, on May 20, 1997, the statute of limitations expired.[8]   Therefore, this request for habeas relief filed on January 13, 2009 (Docket Entry No. 1), falls far beyond the time limit asserted by the AEDPA and must be dismissed as time-barred.

## V.   Motions for Appointment of Counsel

Toney has submitted two motions requesting counsel (Docket Entry Nos. 7 & 9).   Toney requests counsel to assist him in preparing and filing responses.   Id.   In addition, Toney requests counsel because of his lack of legal knowledge and limited access to legal materials.   Id.   The Fifth Circuit has held that appointment of counsel to represent a person seeking habeas relief is appropriate when the "interests of justice so require and such person is financially unable to obtain representation."   Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985) (quoting the Fifth Circuit Plan Under the Criminal Justice Act, § 2).   Because Toney's limitations period to file a federal habeas expired more than

---

[8]Under the AEDPA the statute of limitations is tolled during the time in "which [a] properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."   28 U.S.C. § 2244(d)(2).   Although Toney filed a Petition for Discretionary Review before the statute of limitations for his habeas petition had expired, it was not timely filed -- thus, not "proper" under the statute -- and, therefore, did not toll the limitations period.   Toney's first state habeas petition was not filed until May 4, 1998, almost a year after the statute of limitations had run, and, therefore, did not have any tolling effect.

eleven years ago, supplemental briefing by attorneys would not assist the court and would be an inefficient use of judicial resources. Therefore, appointment of counsel would not be within the best interests of justice. <u>See id.</u> Toney's motions for appointment of counsel will be denied.

### VI.  <u>Application to Proceed in Forma Pauperis</u>

Toney has submitted an application to proceed in forma pauperis (Docket Entry No. 8). Proceedings <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915. Section 1915(a)(1) provides in part

> that any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Toney's application to proceed in forma pauperis is supported by a certified In-Forma-Pauperis Data sheet from the institution in which he is confined (Docket Entry No. 8). Having submitted an application supported by an In Forma Pauperis Data sheet, the court will grant Toney's motion pursuant to 28 U.S.C. § 1915(a)(1).

### VII.  <u>Motions to Expand Record</u>

Toney has submitted two motions to expand the record (Docket Entry Nos. 12 & 18) seeking leave to admit into evidence historical, public, and media records of unlawful actions committed

-21-

by employees of the Houston Police Department Crime Lab.  Because
he fails to identify the relevance of these records to his claims,
his motions will be denied.

### VIII.  <u>Motion for Evidentiary Hearing</u>

Toney has requested an evidentiary hearing (Docket Entry
No. 19).  The AEDPA governs federal evidentiary hearings under 28
U.S.C. § 2254(e)(2),

> (2) If the applicant has failed to develop the
> factual basis of a claim in State court proceedings,
> the court shall not hold an evidentiary hearing on
> the claim unless the applicant shows that
>> (A) the claim relies on
>>> (i) a new rule of constitutional law, made
>>> retroactive to cases on collateral review
>>> by the Supreme Court, that was previously
>>> unavailable; or
>>> (ii) a factual predicate that could not
>>> have been previously discovered through
>>> the exercise of due diligence; and
>> (B) the facts underlying the claim would be
>> sufficient to establish by clear and convincing
>> evidence that but for constitutional error, no
>> reasonable fact finder would have found the
>> applicant guilty of the underlying offense.

28 U.S.C. § 2244(e)(2).  Toney has not claimed any new rule of
constitutional law established by the Supreme Court affects his
claim, nor does one exist.  And as discussed previously, no new
factual predicate exists for Toney's claims.  The evidence on which
Toney relies existed previously, was available during his original
trial, and is not exculpatory.  <u>See Murphy v. Johnson</u>, 205 F.3d
809, 814 (5th Cir. 2000).  Notwithstanding Toney's failure to

satisfy either of the first requirements, Toney has not provided any evidence, let alone clear and convincing evidence, that shows that a reasonable fact-finder would have to find him not guilty. Toney has not met the statutory requirements to afford him an evidentiary hearing and, therefore, his motion will be denied.

### IX.   Motion to File Leave to Amend Original Reply Brief

Toney has moved to file leave to amend his original reply brief to respondent's motion to dismiss (Docket Entry No. 20). Toney requests leave to amend his reply to include rebuttal to two citations included in respondent's motion to dismiss.  The Federal Rules of Civil Procedure provide that leave to amend should be "granted freely as justice so requires."  FED. R. CIV. P. 15(a)(2). Because Toney is a pro se petitioner, the court will allow him to amend his reply.  The motion will be granted.

### X.   Certificate of Appealability

Although Toney has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  A COA is granted only when the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To satisfy this standard it must be shown that jurists of reason could debate as to whether the petition "should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). When, as is done here, the denial of relief is based on a procedural ground, the petitioner must also prove that the "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because Toney has not presented evidence to meet the burden of showing his habeas petition is not barred by limitations, jurists of reason could not debate this court's procedural ruling to dismiss the claim.

### XI.  Conclusions and Order

The court **ORDERS** the following:

1.   Toney's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

2.   Toney's Motion to Request Appointment of Habeas Corpus Counsel (Docket Entry No. 7) is **DENIED.**

3.   Toney's application to proceed in forma pauperis (Docket Entry No. 8) is **GRANTED.**

4.   Toney's Second Motion to Request Appointment of Habeas Corpus Counsel (Docket Entry No. 9) is **DENIED.**

5.   Toney's Motion to Expand the Record (Docket Entry No. 12) is **DENIED.**

6.   Respondent Quarterman's Motion to Dismiss with Brief in Support (Docket Entry No. 16) is **GRANTED.**

7.   Toney's Second Motion to Expand the Record (Docket Entry No. 18) is **DENIED.**

8.   Toney's Motion for Evidentiary Hearing (Docket Entry No. 19) is **DENIED.**

-24-

9.  Toney's Motion to File Leave to Amend Petitioner's
    Original Reply Brief to Respondent's Motion to
    Dismiss (Docket Entry No. 20) is **GRANTED**.

10. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 27th day of July, 2009.

_____
                    SIM LAKE
             UNITED STATES DISTRICT JUDGE